UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOLARPARK KOREA CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>SOLARIA CORPORATION, et al.,<br><br>Defendants. | Case No. 23-cv-01181-AMO<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 76 |

The parties' Joint Discovery Letter Brief was heard by the Court on January 24, 2024. The discovery dispute described in the Letter Brief arose from the limited discovery ordered in the Court's Order on Plaintiff's Motion for Preliminary Injunction and Defendants' Motion to Dismiss and Motion to Stay. *See* ECF 68 (dated August 2, 2023). In that order, the Court ordered Defendants to produce "all documents and communications in their possession, custody, or control, if any, exchanged between Solaria, Complete Solaria, their agents, or affiliates, and any manufacturer or potential manufacturer that describe or reference any of SolarPark's mass-production trade secrets, as identified by SolarPark Identification of Trade Secrets" from October 6, 2018, to present. ECF 68 at 29. Having read the Letter Brief and the supplemental filings from both sides, as well as the relevant legal authority, the Court ordered the parties to complete additional tasks related to the production of responsive materials, described below.

No later than **January 31, 2024**, the parties shall complete the following tasks:

- To the extent not already done, Solaria and Complete Solaria (collectively, "Solaria") shall produce to SolarPark all known responsive documents and any documents located after a reasonably diligent search as required by the Court's August 2, 2023 order.
- Solaria shall provide SolarPark the parameters applied to generate the production,

including (1) search terms applied, (2) ESI sources searched, (3) custodians searched, (4) any technology assisted review tools applied, and (5) quality control metrics.

- Lead trial counsel for Solaria shall file a certification, consistent with Rule 26(g), confirming its compliance with the August 2, 2023 order. Failure to file the certification or to comply with the August 2, 2023 order may result in sanctions.

No later than **February 21, 2024**, SolarPark may propose 15 search terms for Solaria to run against the email files of the custodians identified by Solaria plus five additional custodians identified by name or position title.

If Solaria objects to running any proposed search term or objects to adding any proposed custodian, no later than **March 6, 2024**, Solaria must provide specific reasons for the objection to SolarPark. If Solaria claims that running a particular search term is unduly burdensome, Solaria must provide information sufficient for SolarPark to evaluate the objection, whether by providing (1) a randomized sample, (2) examples of any non-responsive documents returned by Plaintiffs' proposed search terms, or (3) other metrics that advance search term negotiations. Where a modification to a search term may reduce Solaria's burden, Solaria shall propose a reasonable modification. The Court will not consider outright rejection of a proposed search term as consistent with a good faith meet and confer.

No later than 12:01 p.m. PST on **March 25, 2024**, the parties shall file a joint status report updating the Court with the status of any remaining discovery disputes. Upon receipt of the status report, the Court will determine whether a further status conference is necessary or whether a referral to a Magistrate Judge or appointment of a Special Master is appropriate.

//
//
//
//
//
//
//

Neither side stated an objection to these deadlines during the January 24, 2024 conference. However, the parties may still seek alteration of these deadlines by stipulation or administrative motion submitted on or before noon, Friday, January 26, 2024.

**IT IS SO ORDERED.**

Dated: January 24, 2024

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

3