JIPYONG LLC
Jinhee Kim (CA Bar No. 238928)
26F, Grand Central A, 14 Sejong-daero
Jung-gu, Seoul 04527, Republic of Korea
Telephone: +82-2-6200-1782
Facsimile: +82-2-6200-0811
jinheekim@jipyong.com

BIRD MARELLA P.C.
Timothy B. Yoo (SBN 254332)
1875 Century Park East, 23rd Floor
Los Angeles, CA 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110
tyoo@birdmarella.com

Attorneys for Plaintiff
Solar Park Korea Co., Ltd.

*Additional counsel listed on the next page*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SOLARPARK KOREA CO., LTD.,<br><br>                    Plaintiff<br><br>   v.<br><br>THE SOLARIA CORPORATION,<br>COMPLETE SOLARIA, INC., and<br>DOES 1 THROUGH 10,<br><br>                  Defendants. | CASE NO. 4:23-cv-01181-AMO<br><br>**STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |

STEPTOE & JOHNSON LLP
Jamie L. Lucia (SBN 246163)
*jlucia@steptoe.com*
One Market Plaza, Stuart Tower
10th Floor, Suite 1070
San Francisco, California 94105
(415) 365-6700 main

John Caracappa (D.C. Bar No. 476543) (admitted *pro hac vice*)
*jcaracappa@steptoe.com*
Katherine Cappaert (D.C. Bar No. 1019326) (admitted *pro hac vice*)
*kcappaert@steptoe.com*
Heather Hildreth (D.C. Bar No. 90005109) (admitted *pro hac vice*)
1330 Connecticut Avenue NW
Washington, D.C. 20036
(202) 429 3000 main

Attorneys for Defendants
The Solaria Corporation and Complete Solaria, Inc.

Case No: 4:23-cv-01181-AMO

STPULATED ORDER RE DISCOVERY OF ESI

## 1. PURPOSE

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

## 2. COOPERATION

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

## 3. LIAISON

The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

## 4. PRESERVATION

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

a. In general, only ESI created or received between October 6, 2018 and December 31, 2025 will be preserved. If ESI is needed predating October 6, 2018, the parties will meet and confer to determine a reasonable scope of ESI and dates for which such ESI is needed;

b. The parties will exchange a list of the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved, e.g., "HR head," "scientist," and "marketing manager."

c. The parties have agreed that the number of custodians per party for whom ESI will be preserved shall be limited to 10, but the parties may jointly agree to modify this limit, or a party may seek leave of the other party or the Court for additional custodians if there is

good cause. The identification of custodians is not intended to limit or alter any party's obligations to search for and produce hard-copy documents and ESI from relevant custodians and non-custodial data sources. As such, the parties may request production of documents from additional custodians and non-custodial data sources during fact discovery.

d.  These data sources are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) and ESI from these sources will be preserved but not searched, reviewed, or produced: (i) data stored on systems no longer in use that cannot be accessed, (ii) deleted, slack, fragmented, or other data accessible only by forensics, (iii) information from handsets, mobile devices, personal digital assistants, and tablets that is duplicative of information that resides in a reasonably accessible data source, (iv) personal computers and personal e-mail, so long as they are not used by the custodian for communications relating to the custodian's work capacity and/or the claims or defenses in this action;

e.  Among the sources of data the parties agree are not reasonably accessible, the parties agree not to preserve the following: (i) backup media created before October 6, 2018, (ii) digital voicemail, (iii) ephemeral data such as random access memory (RAM) and temporary files, (iv) on-line access data such as temporary internet files, histories, caches, cookies, etc., (v) data or log files that are frequently updated automatically or are not retained in the usual course of business.

**5.  SEARCH**

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery. To the extent that email discovery is needed, the parties agree to develop a search term protocol in line with that propounded by the Court on January 24, 2024 (Dkt. No. 81).

**6.  PRODUCTION FORMATS**

The parties agree to produce documents in PDF, TIFF, native and/or paper or a combination thereof.  If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents.  The parties agree not to degrade the searchability of documents as part of the document production process.

**7.  PHASING**

The parties will meet and confer regarding the phasing of productions.

**8.  DOCUMENTS PROTECTED FROM DISCOVERY**

a.  Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding.  For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

b.  If a party discovers that it has produced a document or information subject to a claim of privilege or work product protection, it may notify the other party in writing of the claim.  Upon such notice, the other party shall promptly return, sequester, or destroy all copies of the identified material and shall not use or disclose the material until the claim is resolved.  The other party may challenge the claim of privilege or protection, but may not assert as a basis for such challenge the fact that it was produced.

c.  Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log.  Communications may be identified on a privilege log by category, rather than individually, if appropriate.

**9.  MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.

STPULATED ORDER RE DISCOVERY OF ESI

Dated:                      /s/ Jinhee Kim
                            Jinhee Kim
                            Attorney For Plaintiff Solar Park Korea, Co. Ltd.

Dated:                      /s/ Katherine D. Cappaert
                            Katherine D. Cappaert
                            Attorney for Defendants
                            The Solaria Corporation and Complete Solaria, Inc.

Pursuant to stipulation, **IT IS ORDERED**

Dated:

Hon. Ara
United St.

IT IS SO ORDERED

Judge Araceli Martinez-Olguin

DATED: 5/29/2026

STPULATED ORDER RE DISCOVERY OF ESI